UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND HAROLD VLIET,

  Petitioner,

            CASE NO. 2:09-CV-10595
v.            JUDGE DAVID M. LAWSON
            MAGISTRATE JUDGE PAUL J. KOMIVES

BLAINE C. LAFLER,

  Respondent.[1]
_____/

**REPORT AND RECOMMENDATION**

I. <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II. <u>REPORT</u>:

A. *Procedural History*

  1. Petitioner Raymond Harold Vliet is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan.

  2. On July 26, 2004, petitioner was convicted of two counts of third degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d, pursuant to his guilty plea in the Genesee County Circuit Court. On August 18, 2004, he was sentenced to a term of 5-22½ years' imprisonment. Petitioner did not file a direct appeal.

---

[1] By Order entered this date, Blaine C. Lafler has been substituted in place of Thomas Bell as the proper respondent in this action.

3. On December 21, 2006, petitioner filed a *pro se* motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. As stated by petitioner, the motion presented the following claims:

> The basis of the relief requested by the defendant is the defendant's plea was not voluntary, knowing, or intelligent[;] defendant received ineffective assistance of trial counsel, the trial court violated defendant's *Cobbs* agreement and failed to allow defendant the opportunity to withdraw his plea, the trial court denied defendant due process when it failed to comply with Michigan Court Rules, and defendant was denied the specific performance of the plea agreement.

The trial court appointed counsel for petitioner and, at a hearing on the motion, counsel clarified that petitioner did not want to withdraw his plea, but instead wanted specific performance of the plea agreement. At the conclusion of the hearing, the trial court denied the motion.

4. Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals, raising a single claim for relief:

> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE TRIAL COURT HAD IMPOSED A SENTENCE THAT EXCEEDED THE TRIAL COURT'S PRELIMINARY SENTENCE EVALUATION.

The court of appeals denied petitioner's application for leave to appeal in a standard order, based on petitioner's "fail[ure] to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Vliet*, No. 278197 (Mich. Ct. App. Nov. 7, 2007).

5. Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court, raising the following claims:

> I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE TRIAL COURT HAD IMPOSED A SENTENCE THAT EXCEEDED THE TRIAL COURT'S PRELIMINARY SENTENCE EVALUATION.
>
> II. THE TRIAL COURT DENIED DEFENDANT DUE PROCESS. IT

2

> FAILED TO COMPLY WITH MCR 6.302(A) AND (B).

> III. THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS WELL AS THE MICHIGAN CONSTITUTION 1963, ART. 1, § 20.

The Supreme Court denied petitioner's application for leave to appeal in a standard order, based on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Vliet*, 481 Mich. 911, 750 N.W.2d 183 (2008).

6. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on February 5, 2009.[2] As grounds for the writ of habeas corpus, he raises the three claims that he raised in the Michigan Supreme Court.

7. Respondent filed his answer on August 28, 2009. He contends that petitioner's claims are procedurally defaulted and without merit, and that they are barred by the statute of limitations.

B. *Analysis*

1. *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of

---

[2]Although petitioner's application is file-stamped February 18, 2009, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated February 5, 2009. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on February 5, 2009.

3

limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and petitioner does not contends that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*,

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

4

111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner did not file a direct appeal. Thus, his conviction became final one year after the date he was sentenced, when his time for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* MICH. CT. R. 7.205(F)(3); *see also*, *Webber v. Birkett*, No. 5:06-CV-14100, 2007 WL 1582226, at *1 (E.D. Mich. May 31, 2007) (O'Meara, J.); *Goldin v. Renico*, No. 04-73786, 2006 WL 208789, at *1 (E.D. Mich. Jan. 25, 2006) (Zatkoff, J.). In other words, petitioner's conviction became final on August 18, 2005, one year after his sentencing on August 18, 2004, and the limitations period expired one year after that, on August 18, 2006. Because petitioner did not file his habeas application until February 5, 2009, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial

5

court on December 21, 2006. By this time, the limitations period had been expired for over four months. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his request motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.). Thus, petitioner's application is untimely.

      2.     *Potential Timeliness Arguments*

Petitioner has not filed a reply to respondent's answer, nor does his initial application address the timeliness issue. Thus, petitioner has offered no reason to conclude that his application is timely. Briefly, I note that nothing in the record suggests that petitioner would be entitled to equitable tolling. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing, and nothing in the record suggests that any such circumstances exist. Petitioner's *pro se* status or lack of knowledge of the law provide no basis for equitable tolling. The Courts have uniformly held that

6

neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Thus, petitioner is not entitled to equitable tolling of the limitations period.

Nor does the potential that petitioner was not provided with appointed counsel to file an appeal after his plea-based conviction raise a basis for equitable tolling or a delayed commencement of the limitations period under § 2244(d)(1)(B) or (C). In *Halbert v. Michigan*, 545 U.S. 605 (2005), the Court struck down the Michigan courts' practice, in effect at the time of petitioner's plea, of denying appointed counsel to petitioner's who had pleaded guilty for the purpose of filing an application for leave to appeal in the Michigan Court of Appeals. Under § 2244(d)(1)(B), the limitations period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The Sixth Circuit, however, has concluded that the failure to appoint appellate counsel as required by *Halbert* does not constitute a state created impediment to filing. Rejecting a petitioner's argument that the failure to appoint appellate counsel as required by *Halbert* entitled him to delayed starting under § 2244(d)(1)(B), the court explained:

> [E]ven if the denial of appointed counsel impeded [petitioner's] pursuit of *direct* review, it did not obstruct his quest for *collateral* federal habeas relief–and that is the relevant question. [Petitioner] has no constitutional right to have the assistance of counsel in bringing a collateral action challenging his conviction, and thus this argument offers no basis for sidestepping the one-year bar.

*Inglesias v. Davis*, No. 07-1166, 2009 WL 875574, at *1 (6th Cir. Jan. 12, 2009); *see also*, *Hamilton*

7

*v. Berghuis*, No. 07-15391, 2009 WL 804160, at *3 (E.D. Mich. Mar. 25, 2009) (Murphy, J.); *cf. Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (state's failure to give notice to petitioner of his appeal rights and to appoint appellate counsel did not constitute a state created impediment under § 2244(d)(1)(B) because "[a]lthough these actions may have interfered with [petitioner's] direct appeal in the state courts . . . [petitioner] has failed to explain how the actions prevented him from filing his federal habeas corpus petition until 2001.").

Nor is petitioner entitled to delayed starting of the limitations period under § 2244(d)(1)(C), which provides that the limitation period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, the right asserted by petitioner was recognized in *Halbert* on June 23, 2005. The right constitutes a "new rule," *see Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008) (*Simmons II*) (en banc), however the rule has not been made retroactively applicable to cases on collateral review. On the contrary, in *Simmons* the en banc Sixth Circuit concluded that *Halbert* does not apply retroactively to cases on collateral review. *See Simmons II*, 516 F.3d at 451, *adopting Simmons v. Kapture*, 474 F.3d 869, 879-88 (6th Cir. 2007) (Reeves, J., dissenting) (*Simmons I*). Because *Halbert* does not apply retroactively to cases on collateral review, it does not provide a basis for delayed commencement of the limitations period under § 2244(d)(1)(C). *See Alfiero v. Warren*, No. 2:07-CV-14653, 2009 WL 3388607, at *5 (E.D. Mich. Oct. 16, 2009) (Tarnow, J.); *Hamilton*, 2009 WL 804160, at *3; *McElwain v. Burt*, No. 1:05-cv-828, 2009 WL 579388, at *2 (W.D. Mich. Mar. 5, 2009); *Neafer v. Davis*, No. 07-14561, 2008 WL 5423026, at *2 (E.D. Mich. Dec. 11, 2008) (Lawson, J.). Accordingly, the Court should conclude that petitioner's application is untimely, and should deny the petition on that basis.

C. *Recommendation Regarding Certificate of Appealability*

1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Here, if the Court accepts my recommendation, the Court should also deny petitioner a certificate of appealability. Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. As explained above,

it is clear from the state court record that petitioner's application is untimely under § 2244(d)(1)(A), (d)(2). It is also not debatable that petitioner is not entitled to a delayed commencement of the limitations period under § 2244(d)(1)(B) or (C), and that petitioner has failed to assert any basis for equitably tolling the limitations period. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.  *Conclusion*

In view of the foregoing, the Court should conclude petitioner's application is barred by the one-year statute of limitations. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

Dated: 5/21/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 21, 2010.
>
>                               s/Eddrey Butts
>                               Case Manager