UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND VLIET,

        Petitioner,

                              Case Number 09-10595
v.                              Honorable David M. Lawson
                              Magistrate Judge Paul J. Komives

BLAINE C. LAFLER,

        Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On February 18, 2009, petitioner Raymond Vliet, presently confined at the Parnall Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Vliet pled guilty on July 26, 2004 to 2 counts of criminal sexual conduct in the third degree, Mich. Comp. Laws § 750.520d, and he was sentenced on August 18, 2004 to 5 to 22 and a half years in prison. In his petition, he challenges his conviction on the grounds that the sentence exceeded the range established in his preliminary sentence evaluation, the trial court denied him due process by failing to follow Michigan Court Rule 6.302, and his trial counsel was ineffective. On September 10, 2009, after the respondent had filed its response, the Court entered a general order of reference to Magistrate Judge Paul J. Komives. Judge Komives filed a report on May 21, 2010 recommending that the petition for a writ of habeas corpus be dismissed as untimely. The petitioner filed timely objections, and the matter is before the Court for *de novo* review. The Court agrees with the Magistrate Judge, and therefore will dismiss the petition with prejudice because it was not filed within the time allowed by 28 U.S.C. § 2244(d).

I.

As the magistrate judge correctly determined, the petitioner did not file a direct appeal following his conviction and sentence. Therefore, his state court conviction became final on August 18, 2005, one year after his sentencing date and when the time for filing a delayed application for leave to appeal had expired. Mich. Ct. R. 7.205(F)(3). The limitations period for his federal habeas petition expired on August 18, 2006, one year after the date on which his conviction became final. The petitioner did not file his state court motion for post-conviction relief until December 21, 2006 and did not file the present habeas petition until February 18, 2009, well beyond the one-year period established in 28 U.S.C. § 2244(d). The magistrate judge also noted that the petitioner had failed to reply to the answer or otherwise advance timeliness arguments. Nonetheless, Judge Komives concluded that he could find no grounds to support equitable tolling or a delayed commencement to the limitations period due to a change in the law or discovery of new evidence. Therefore, the magistrate judge recommended that it was appropriate to dismiss the petition as untimely.

The petitioner filed timely objections in which he argues that his petition was not untimely for two reasons. First, the Michigan Court of Appeals held a hearing on his motion for relief from judgment, which he filed on December 21, 2006, and considered this motion on the merits. The petitioner does not explain how that fact provides grounds to support his timeliness argument. Second, the petitioner argues that he was taking anti-psychotic medications for the first year after his sentencing hearing and these medications "altered Petitioner's thinking process," such that he was unaware of his right to appeal or the one-year limitations period on that right. Obj. at 3. He now asks the Court to toll the statute of limitations equitably based on the disability caused by his anti-psychotic medications and allow his petition to proceed.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The petitioner has not objected to the magistrate judge's conclusion that he failed to file his petition within the one-year statute of limitations established in 28 U.S.C. § 2244(d). Therefore, the Court will adopt that portion of the recommendation and confine its discussion to whether the doctrine of equitable tolling would allow the Court to consider the petition regardless of its untimeliness.

The Sixth Circuit has held that "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to be entitled to equitable tolling, a habeas petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Sixth Circuit considers five factors to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;
(2) the petitioner's lack of constructive knowledge of the filing requirement;
(3) diligence in pursuing one's rights;
(4) absence of prejudice to the respondent; and,
(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *id.* at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner is not entitled to equitable tolling of the limitations period, *id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling of the one-year limitations period. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). As mentioned, the petitioner rests his argument that the statute of limitations should be tolled on the state court's consideration of his post-conviction motion on the merits and his lack of awareness of the filing requirements for his habeas petition due to anti-psychotic medications he was prescribed for the first year he was in prison. He has attached medical records tending to show that he was taking these medications for a period of time, but that all medications were discontinued by late March of 2005.

The petitioner fails to explain how his first argument provides grounds for equitable tolling or a finding that the petition was timely. Although filing a post-conviction motion in the state court does toll an existing limitations period for the federal petition, 28 U.S.C. § 2244(d)(2), the petitioner did not file his state court motion until after the federal limitations period had expired. "A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Owens v. Sine*, 27 F. App'x 351,

353 (6th Cir. 2001) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, this argument is unavailing. In addition, a state court post-conviction motion filed after the limitations period has ended cannot restart an expired clock. *See, e.g.*, 28 U.S.C. § 2244(d). The petitioner cannot avoid the statute of limitations on these grounds.

The petitioner's second argument, that he was unaware of the filing deadline due to the anti-psychotic medications he was taking, also lacks merit. The records supplied by the petitioner indicate that his medications were discontinued at least as of March 2005, several months before the petitioner's conviction became final and his one-year statute of limitations began to run. The Court is sympathetic to the problems inherent in anti-psychotic medications and the difficulties that individuals may face even with activities of daily living while attempting to calibrate these medications correctly. However, even assuming that the petitioner's condition can be considered an extraordinary circumstance — a fact the Court questions and for which the petitioner has provided no support — he still would not be entitled to equitable tolling based on the present record. The petitioner has failed to explain why he waited over a year and a half after he stopped taking the medications to file his state court post-conviction motion and nearly four years to file his habeas petition. He has not presented any facts demonstrating his diligence during this period or explained why he was unable to file a petition in the following 15 months before his limitations period expired. He also has not argued that a prescription for common anti-psychotic medications should be considered an extraordinary circumstance meriting the application of a rare equitable remedy. Having provided no grounds to toll equitably the statute of limitations, the petitioner cannot avoid dismissal on timeliness grounds.

III.

The Court finds that the magistrate judge correctly analyzed and applied the governing law to the issues presented by the petition for a writ of habeas corpus. The Court will overrule the petitioner's objections, adopt the report and recommendation, and dismiss the petition.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #11] is **ADOPTED**.

It is further **ORDERED** that the petitioner's objections [dkt #14] are **OVERRULED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 18, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2011.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI